# Herbert A. Wilcox, Appt., v. John D. Cutter, et al., Trading as John D. Cutter & Company.

An injunction, restraining defendant from disposing of goods in his possession alleged to be in imitation of goods of complainants' manufacture, but of inferior quality, and tending to injure their trade, and requiring defendant to place the same in the custody of the clerk of the court, dissolved.

(Argued January 19, 1888. Decided February 6, 1888.)

July Term, 1887, No. 191, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of Common Pleas No. 3 of Philadelphia County continuing a special injunction. Reversed.

Bill in equity brought by John D. Cutter and Walter P. Long, trading as John D. Cutter & Company, against Herbert A. Wilcox, praying a perpetual injunction.

The bill charged in effect:

That complainants are manufacturers of sewing silk which

NOTE.—An injunction may be granted to restrain imposition upon the public by imitating the goods of rival traders. Charles E. Hires Co. v. Hires, 182 Pa. 346, 37 Atl. 1117; Witthaus v. Wallace, 2 W. N. C. 610; Com v. Banks, 9 Pa. Dist. R. 436. But the device must be such as will deceive. Heinz v. Lutz Bros. 146 Pa. 592, 23 Atl. 314; Brown v. Seidel, 153 Pa. 60, 25 Atl. 1064; Lafean v. Weeks, 177 Pa. 412, sub nom. P. C. Wiest Co. v. Weeks, 34 L. R. A. 172, 35 Atl. 693; Putnam Nail Co. v. Dulaney, 140 Pa. 205, 11 L. R. A. 524, 23 Am. St. Rep. 228, 21 Atl. 391.

they wind upon spools with certain marks or devices stamped thereon, indicating to the public the genuineness of the silk which has acquired a high reputation for excellence; that defendant fraudulently, etc., procured to be wound upon a large number of complainants' spools, or exact imitations thereof, a black sewing silk of inferior quality and less quantity than indicated by the devices upon the spools, and fraudulently represented and offered the same for sale as a job lot of genuine black sewing silk of complainants' manufacture, at greatly reduced prices, to the injury of the complainants, etc.

The bill prayed an account of sales and payment to complainants of gains and profits; also an injunction restraining defendant from selling imitation silk, similar to complainants' or wound upon their spools, and from disposing of the silk above referred to in any manner; or that he be required to place such silk in the custody of the clerk of the court.

The court granted a special injunction, and the defendant then filed his answer.

The answer admitted the sale, or attempted sale, by defendant, representing it as the "sewing silk of the usual kind made and sold by complainants" of a quantity of what was, in fact, "redyed" silk, and alleged that defendant neither redyed nor wound the silk; and sold it, furthermore, in ignorance of its true character, and, on subsequently ascertaining that, took it back from the hands of the vendee, and immediately notified the Springfield Silk Mills Company for which he had sold the silk of the return of it, and that the silk remained with the defendant's firm awaiting an order from the company for its return; that defendant had no knowledge of complainants' business and prayed that complainants be required to make proof thereof.

· The answer further alleged that the bill was defective for want of sufficient parties and prayed its dismissal.

The case was heard on bill and answer; and after argument, the court below, without filing an opinion, made an order or decree continuing the injunction until further order of the court, and further ordering that the defendant deliver into the custody of the clerk of the court the silk admitted to be in defendant's possession, to remain there until further order.

The defendant, in obedience to the decree, delivered the silk into the custody of the clerk of the court, and then appealed.

The affidavits presented in support of the bill were left off the

files of the court below.    After the appeal was taken, the court below allowed them to be filed as of the date of the filing of the bill, and they were certified to the supreme court under writ of certiorari sur diminution of record.

The assignments of error specified: (1) The granting the special injunction; (2) the continuing the same; (3) the decree against the defendant; and (4) the refusal to dismiss the bill.

*William W. Ker,* for appellant.—The bill praying an injunction must be supported by affidavits.    Kerr, Inj. 2d ed. pp. 547, 548; Kincaid's Appeal, 66 Pa. 418, 5 Am. Rep. 377.

The bill was clearly defective for want of proper parties.    It does not deny that the complainants had not redyed this silk themselves, nor does it aver that it had been redyed by the defendant.

The defendant prayed proof of complainants' business in their answer, which prayer the court disregarded.

The injunction granted is broader than the prayer of the bill.

*George W. MacPherran* and *Charles Howson,* for appellees. —This case is on all fours with Gillott v. Kettle, 3 Duer, 624; Am. Trade-Mark Cas. 148; and Richards v. Williamson, 30 L. T. N. S. 746.    See also Browne, Trade-Marks, 2d ed. §§ 443– 446.

It is no defense in equity, nor ground for refusing or dissolving an injunction, that defendant's act was not intentionally fraudulent or was done in ignorance.    The jurisdiction in equity does not depend upon intentional fraud on defendant's part, but upon the right of property in plaintiff and proof of acts by defendant constituting, in fact, a fraud upon, with damage, or threatened damage to, that property right.

One may be an infringer, although he takes no part in imitating or simulating the mark.    A counterfeit is not valid, even in the possession of one quite ignorant of its vicious character, although he may plead his good faith.    Browne, Trade-Marks, 2d ed. § 58; Sebastian, Trade-Marks, pp. 102–106; Colman v. Crump, 70 N. Y. 573; Moet v. Couston, 33 Beav. 578; Singer Mfg. Co. v. Wilson, L. R. 3 App. Cas. 389; Millington v. Fox, 3 Myl. & C. 338; Amoskeag Mfg. Co. v. Spear, 2 Sandf. 599; Am. Trade-Mark Cas. 87; McLean v. Fleming, 96 U. S. 245, 24 L. ed. 828, note; Collins Co. v. Walker, 7 Week. Rep. 222;

Clement v. Maddick, 1 Giff. 98; Dixon v. Fawcus, 3 El. & El. 537; Cartier v. Carlile, 31 Beav. 292; Edelsten v. Edelsten, 7 L. T. N. S. 768; Glenny v. Smith, 13 L. T. N. S. 11; Filley v. Fassett, 44 Mo. 173, 100 Am. Dec. 275; Am. Trade-Mark Cas. 530; Graham v. Kerr, 3 Beng. L. R. Ap. 4; Cox, Manual of Trade-Mark Cas. 315; Holmes, B. & H. v. Holmes, B. & A. Mfg. Co. 37 Conn. 278, 9 Am. Rep. 324; Weed v. Peterson, 12 Abb. Pr. N. S. 178; Amoskeag Mfg. Co. v. Garner, 4 Am. L. T. N. S. 176.

A common carrier, entirely innocent of fraudulent intent, but having certain falsely marked goods in his possession for the purpose of transportation, may be enjoined. Upmann v. Elkin, 41 L. J. Ch. N. S. 246; Carver v. Pinto Leite, 41 L. J. Ch. N. S. 92.

A wharfinger, with whom spurious champagne, bearing a counterfeit brand, was warehoused, and who had notice of the injured party's intention to apply for an injunction, refused to deliver up the wine to the indorsee of the dock warrants. Held, that he was justified in so doing. Hunt v. Maniere, 34 L. J. Ch. N. S. 144.

The affidavits for the injunction have been filed; any error in that respect was waived by defendant's motion to dissolve the special injunction. Kerr, Inj. 2d ed. p. 565.

The answer admits the averments of the bill, and simply pleads ignorance. Affidavits were therefore unnecessary.

PER CURIAM:

The injunctions in this case are dissolved, at costs of appellees.